IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02285-BNB

LAWRENCE P. HANDY,

    Plaintiff,

v.

TOM CLEMENTS, Acting Executive Director Colorado Department of Corrections
(Individual and Official Capacities),
JAMES FALK, Acting Warden Sterling Correctional Facility
(Individual and Official Capacities),
JULIE RUSSELL, Acting A.I.C. for C.D.O.C. (Individual and Official Capacities),
STEPHEN R. KREBS, M.D., Acting Medical Director Care Management Department
(Individual and Official Capacities), and
CORRECTIONAL HEALTH PARTNERS (C.H.P.), Insurance Providers for
Colorado D.O.C.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Lawrence P. Handy, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Handy initiated this action by filing *pro se* a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 that his rights under the United States Constitution have been violated. He asks for declaratory and injunctive relief, as well as money damages.

The Court must construe the complaint liberally because Mr. Handy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Handy will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Handy asserts three claims for relief. First, he contends that the defendants are being deliberately indifferent to his serious medical needs by (1) refusing his requests to see an orthopedic specialist and, therefore, denying him reasonable and appropriate medical treatment for the defective implants in his knees, and (2) refusing to allow him to have recommended surgery performed on his wrists to correct the carpal

tunnel nerve problem causing numbness in his fingers.  Second, he alleges that Paula Franz, the DOC chief medical officer, has denied him the interferon shots he needs to combat Hepatitis-C.  He alleges he has exhausted administrative remedies as to claims one and two.  Third, he contends his case manager, whom he fails to identify, is denying him eligibility for release through access to special needs parole consideration.

In order to state a claim in federal court, Mr. Handy "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Handy also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Handy should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Mr. Handy is naming supervisory officials as defendants.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976). To establish personal participation, Mr. Handy must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Further, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x 179, 193 (10th Cir. 2009) (unpublished).

Finally, a private actor, such as Correctional Health Partners, is liable under § 1983 only when an official policy or custom of the corporation cause or is the "moving force of the constitutional violation."  *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to § 1983 against private corporations).  Mr. Handy cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Therefore, it does not appear that Correctional Health Partners is a proper party to this action.

Accordingly, it is

ORDERED that Plaintiff, Lawrence P. Handy, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that Mr. Handy shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Handy fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 26, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge