IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02285-BNB

LAWRENCE P. HANDY,

    Plaintiff,

v.

JULIE RUSSELL, Acting A.I.C. for Colorado Department of Corrections (Individual and
    Official Capacities),
PAULA FRANZ, Acting Chief Medical Officer for C.D.O.C. (Individual and Official
    Capacities),
JOYCE CROUNK, Acting Head of Administrative Services (H.A.S.) for C.D.O.C. Medical
    at the time (Individual and Official Capacities),
STEPHEN R. KREBS, M.D., Acting Director Care Management Department (Individual
    and Official Capacities),
CORRECTIONAL HEALTH PARTNERS (C.H.P.), Insurance Provider for Colorado
    D.O.C., and
MR. LUECK, Acting Case Manager at Sterling Correctional Facility, C.D.O.C. (Individual
    and Official Capacities),

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Lawrence P. Handy, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Handy initiated this action by filing *pro se* a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief, as well as money damages.

Mr. Handy has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Handy is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

On September 26, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 7) directing Mr. Handy to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, alleged the personal participation of each named defendant, and sued the proper parties.

Because Mr. Handy named supervisory officials as Defendants in the complaint he originally filed, Magistrate Judge Boland emphasized in the September 26 order that personal participation was an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). He pointed out that, to establish personal participation, Mr. Handy must show that each defendant caused the

deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). He also pointed out there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Magistrate Judge Boland noted that, with respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Magistrate Judge Boland explained that, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Furthermore, Magistrate Judge Boland explained that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x 179, 193

(10th Cir. 2009) (unpublished).

Finally, Magistrate Judge Boland advised Mr. Handy that a private actor, such as Correctional Health Partners (CHP), is liable under § 1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to § 1983 against private corporations). He further advised Mr. Handy he cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

On October 24, 2012, Mr. Handy filed an amended complaint (ECF No. 11) for declaratory and injunctive relief and money damages. The Court must construe the amended complaint liberally because Mr. Handy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

In the discussion of the nature of the case, Mr. Handy claims he suffers from various physical ailments. He alleges that he has defective implants in his knees, causing him constant pain and discomfort. He also alleges he suffers from a carpal tunnel nerve problem in his wrists, causing numbness in the fingers on both hands. He further alleges he has bone spurs in his shoulders that require surgery. He contends he was diagnosed in 1986 with Hepatitis-C, and has been denied proper treatment since 1989. Finally, he contends he has been denied "special needs parole," for which he

alleges he may be eligible.

On the basis of these background factual allegations, Mr. Handy asserts three claims. As his first claim, he alleges that Defendants Paula Franz, Julie Russell, and Dr. Stephen Krebs are deliberately indifferent to his serious medical needs because they denied his grievances concerning the need to have the defective knee implants replaced and his grievances concerning the need for recommended wrist surgery to correct finger numbness caused by his carpal tunnel nerve problem. He is suing Defendant Joyce Crounk for denying his step-two grievance on the carpal tunnel issue. He is suing CHP because CHP determined his request to see an orthopedic specialist for his knees was "not medically necessary/covered," ECF No. 11 at 5, and CHP denied payment for the carpal tunnel surgery. *Id.* at 6. Lastly, he alleges that a physician, who is not a named defendant, examined his shoulders in 2008 and determined he had a degenerative joint condition. He contends this condition requires surgery to correct bone spurs and that surgery has been denied.

Mr. Handy's first claim against Defendants Ms. Franz, Ms. Russell, Dr. Krebs, and Ms. Crounk, will be dismissed because Mr. Handy is suing these Defendants for their denial of his grievances concerning his knee implants and wrist surgery. As Magistrate Judge Boland informed Mr. Handy in the September 26 order for an amended complaint, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher*, 587 F.3d at 1069; *see also Whitington*, 307 Fed. App'x at 193.

In addition, Mr. Handy's first claim against CHP for denying his requests to see

an orthopedic specialist for his knees and payment for the carpal tunnel surgery are asserted as isolated incidents, not official CHP policy.  As Magistrate Judge Boland advised Mr. Hardy in the September 26 order for an amended complaint, a private actor, such as CHP, is liable under § 1983 only when an official policy or custom of the corporation cause or is the "moving force of the constitutional violation." *Monell*, 436 U.S. at 695; *see also Dubbs*, 336 F.3d at 1216.  A § 1983 claim for relief against a municipality based upon isolated incidents fails.  *See Monell*, 436 U.S. at 694.  Therefore, the first claim against CHP will be dismissed.

Finally, Mr. Handy fails to allege which, if any, defendant or defendants denied him surgery to correct his shoulder bone spurs.  To the extent he may be suing any defendant for denying grievances as to shoulder surgery, the claim fails.  *See Gallagher*, 587 F.3d at 1069; *see also Whitington*, 307 Fed. App'x at 193.  In addition, he has failed to establish personal participation by showing that any defendant caused the deprivation of a federal right, *see Kentucky*, 473 U.S. at 166, and an affirmative link exists between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler*, 992 F.2d at 1055.  This claim will be dismissed as well.

Therefore, the first claim asserted against Defendants Ms. Franz, Ms. Russell, Dr. Krebs, Ms. Crounk, and CHP will be dismissed.

As his second claim, Mr. Handy alleges deliberate indifference to his serious medical needs because he has been denied interferon shots for Hepatitis-C, has filed steps one and two grievances concerning the issue, and blames Defendant Paula Franz, DOC chief medical officer, for the denial of treatment because she "is ultimately

responsible for the Plaintiff's treatment, or lack thereof." ECF No. 11 at 7.

Mr. Handy fails to make clear whether he is suing Ms. Franz for denying grievances. If so, the second claim fails for the same reasons as claim one. *See Gallagher*, 587 F.3d at 1069; *see also Whitington*, 307 Fed. App'x at 193. In any event, Mr. Handy clearly is suing Ms. Franz in her supervisory capacity as DOC chief medical officer. In the September 26 order for an amended complaint, Magistrate Judge Boland made clear that, with respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft*, 556 U.S. at 676. The second claim asserted against Defendant Ms. Franz will be dismissed.

As his third and final claim, Mr. Handy alleges that Defendant Mr. Lueck, his case manager, violated state statutes and Senate Bill revisions by denying him access to early release on "Special Needs Parole," ECF No. 11 at 11, allegedly because he did not meet the required criteria. Mr. Handy's third claim is meritless because it fails to assert a violation of Plaintiff's federal constitutional rights. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

Even assuming Mr. Handy intended to assert a violation of his due process rights, his third claim fails. The Due Process Clause applies to parole proceedings only when the state parole statute creates a legitimate expectation of release. *See*

*Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) (To possess an interest protectable under the Due Process Clause, a person must "'have a legitimate claim of entitlement to it'") (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  Colorado's parole statute provides that the parole board "*may* parole any person . . . when such person has served his or her minimum sentence, less time allowed for good behavior, and there is a strong and reasonable probability that the person will not thereafter violate the law . . ." Colo. Rev. Stat. § 17-2-201(4)(a) (emphasis added).  This discretionary language does not give rise to a liberty interest protected by the Due Process Clause.  *See Board of Pardons v. Allen*, 482 U.S. 369, 379 n.10 (1987) ("[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest."); *see also Malek v. Haun*, 26 F.3d 1013, 1015-16 (10th Cir. 1994) (holding that Utah statute granted parole board complete discretion in making parole decisions and therefore did not create a liberty interest entitled to due process protection).

Mr. Handy's argument is that he qualifies as a special needs offender pursuant to subsection (7.5)(a) of Colo. Rev. Stat. § 17-1-102, and should be released because of medical conditions which have incapacitated him to the extent that he is unlikely to pose a risk to public safety.  He also argues that, pursuant to subsection (3)(a) of Colo. Rev. Stat. § 17-2-201, he is entitled to special needs parole as provided in Colo. Rev. Stat. § 17-22.5-403.5.  However, subsection (1) of Colo. Rev. Stat. § 17-22.5-403.5 governing special needs parole makes clear that such parole is discretionary.  As such, Mr. Handy cannot invoke § 1983 as a basis for challenging access to special needs parole when he has no protected liberty interest in such parole.  Therefore, Mr. Handy's third claim

asserted against Defendant, Mr. Lueck, will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Handy files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaint and action are dismissed as pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  19th  day of    November   , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court